PER CURIAM.
Appellant appeals his convictions and sentences for sexual battery on a child under 12 and lewd and lascivious assault upon a child less than 16 years of age. We agree that appellant was illegally sentenced on Count III. Further, although not raised on appeal, it appears that the scoresheet was incorrectly calculated and we remand for resentencing on Count III. We find no reversible error in the remainder of appellant’s points on appeal; however, one point does merit discussion.
Appellant’s principal point on appeal is that various statements made by the prosecutor, principally in closing argument, warrant reversal. Although these statements of the prosecutor were not objected to by counsel, appellant contends the prosecutor’s conduct was so highly impermissible and inflammatory that the fundamental fairness of the trial was vitiated and that the prosecutor’s conduct therefore rises to the level of fundamental error.
It is true that the prosecutor’s closing argument was, in large measure, only marginally related to the evidence in the case, but we are unable to conclude that it was inflammatory and highly prejudicial. To the contrary, the prosecutor’s statements seem highly unlikely to have had any adverse effect on the defendant. It would have been consistent with good trial strategy for defense counsel to simply let the prosecutor talk.
If, in the future, we find other cases tried by counsel in this manner suggesting to us that such prosecutorial conduct can so confuse the jury that the defendant’s right to a fair trial is vitiated, it may then be appropriate for us to step in. After closely reading this record, however, we cannot say that the prosecutor’s conduct was so highly inflammatory or prejudicial to this defendant that we could find fundamental error.
JUDGMENT AFFIRMED; REMANDED FOR RESENTENCING.
GOSHORN, PETERSON and GRIFFIN, JJ., concur.